## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS HUMBERTO CRUZ <br> 2801 15 St., NW <br> Washington, DC 20009 <br><br> PLAINTIFF, <br><br> v. <br><br> GOBIND, LLC <br> d/b/a TOSCANA CAFE <br> 601 2nd Street, NE <br> Washington, DC 20002 <br><br> Serve: Incorp Services, Inc. <br> 1090 Vermont Ave., NW <br> Washington, DC 20005 <br><br> RAJAT KUMAR VIJ <br> 13416 Amy Way <br> Herndon, VA 20171 <br><br> And <br><br> MANJEET JOLLY <br> 5285 Navaho Drive <br> Arlington, VA 22312 <br><br> DEFENDANTS. | Case No.: |

## COMPLAINT

Plaintiff Carlos Humberto Cruz ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendants Gobind, LLC d/b/a Toscana Café ("Toscana"), Rajat Vij, and Manjeet Jolly (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

**PARTIES AND JURISDICTION**

1. Plaintiff is an adult resident of the District of Columbia. By participating as a named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA and DCMWA.

2. Toscana is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3. Toscana is a restaurant operating in the District of Columbia.

4. Rajat Vij owned and operated Toscana until about July 1, 2015

5. Manjeet Jolly has owned and operated Toscana or its successor since about July 1, 2015.

6. On information and belief, Defendants' gross revenue exceeded $500,000.00 each year during Plaintiff's employment and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times during Plaintiff's employment, Defendants used cookware, appliances, cleaning supplies and other tools related to food preparation that originated and otherwise traveled outside of Washington, D.C. and the United States. Thus Defendants were an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

8. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely cleaning supplies, tools, and other products related to food preparation) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who was engaged in commerce or the production of goods for

**PARTIES AND JURISDICTION**

1. Plaintiff is an adult resident of the District of Columbia. By participating as a named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA and DCMWA.

2. Toscana is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3. Toscana is a restaurant operating in the District of Columbia.

4. Rajat Vij owned and operated Toscana until about July 1, 2015

5. Manjeet Jolly has owned and operated Toscana or its successor since about July 1, 2015.

6. On information and belief, Defendants' gross revenue exceeded $500,000.00 each year during Plaintiff's employment and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times during Plaintiff's employment, Defendants used cookware, appliances, cleaning supplies and other tools related to food preparation that originated and otherwise traveled outside of Washington, D.C. and the United States. Thus Defendants were an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

8. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely cleaning supplies, tools, and other products related to food preparation) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who was engaged in commerce or the production of goods for

commerce under 29 U.S.C. §§ 206-207.

9. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for purposes of the FLSA and DCMWA.

10. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

11. Rajat Vij and subsequently Manjeet Jolly owned and operated Toscana during Plaintiff's employment at the restaurant.

   a. During Plaintiff's employment, Rajat Vij and subsequently Manjeet Jolly had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

   b. During Plaintiff's employment, Rajat Vij and subsequently Manjeet Jolly had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality.

   c. During Plaintiff's employment, Rajat Vij and subsequently Manjeet Jolly set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule.

   d. During Plaintiff's employment, Rajat Vij and subsequently Manjeet Jolly set and determined or had the power to set and determine Plaintiff's rate and method of pay.

e. During Plaintiff's employment, Rajat Vij and subsequently Manjeet Jolly controlled, and were in charge of, Toscana's the day-to-day operations.

12. Plaintiff worked for Toscana from roughly April 21, 2014 until August 28, 2015. Plaintiff performed various duties related food preparation such as cooking, dishwashing, and cleaning.

13. Plaintiff typically and customarily worked 70.5 hours per week throughout Plaintiff's entire employment period. Defendants had knowledge and suffered or permitted Plaintiff to work 70.5 hours per week.

14. Defendants paid Plaintiff an hourly rate between $9.50 and $10.00 per hour.

15. Defendants failed to pay Plaintiff one-and-one-half times (1.5x) his regular rate for the hours he worked over forty (40) in a week ("overtime hours").

16. Defendants' failure and refusal to pay Plaintiff in accordance with the FLSA and the DCMWA was willful and intentional, and was not in good faith. This is evidenced by the fact that Defendants paid Plaintiff in a mixture of cash and company checks and did not clearly record the hours worked on Plaintiff's paystubs.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

17. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

18. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay

4

for all hours worked each week in excess of forty (40) ("overtime hours").

19. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiff's "employers" under FLSA, 29 U.S.C. § 207(a)(2).

20. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

21. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of his employment.

22. As set forth above, Defendants failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all overtime hours he worked.

23. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Overtime)**

24. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

25. Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

26. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

27. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week during Plaintiff's employment.

28. As set forth above, Defendants failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all the overtime hours he worked.

29. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
836 Bonifant St.
Silver Spring, MD 20815
Telephone: 301-587-9373
Fax: 301-587-9373
mamster@zagfirm.com

*Counsel for Plaintiff*